IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON<br>1400 Eye Street, N.W.<br>Suite 450<br>Washington, D.C. 20005,<br><br>            Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530,<br><br>            Defendant. | Civil Action No. |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive, declaratory, and other appropriate relief. Plaintiff seeks the release of records from three Department of Justice ("DOJ") components -- the Criminal Division, the Federal Bureau of Investigation ("FBI"), and the Executive Office of U.S. Attorneys ("EOUSA") -- concerning the investigations of several individuals and entities in which the late Rep. John Murtha (D-PA) is named or otherwise mentioned. Plaintiff is statutorily entitled to the disclosure of the records it seeks. Notwithstanding that entitlement, defendant has improperly withheld the requested records.

### Jurisdiction and Venue

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction

over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201(a), 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

3. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and to ensuring the integrity of government officials. CREW seeks to empower citizens to have an influential voice in government decisions and in the governmental decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of its research, CREW uses government records made available to it under the FOIA.

4. Defendant DOJ is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 702. DOJ is the federal agency with possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA requests. The Criminal Division, the FBI, and the EOUSA are components of defendant DOJ.

## DOJ's Investigations

5. Over the past several years, DOJ and the FBI conducted investigations involving the following individuals and entities: Paul Magliocchetti Associates ("PMA"), Paul Magliocchetti, Concurrent Technologies Corporation, Commonwealth Research Institute, Kuchera Corporation, Kuchera Defense Systems, Kuchera Industries, LBK Ranch, Bill Kuchera, Ronald Kuchera, Coherent Systems International, Richard Ianieri, KSA Consulting, Robert "Kit" Murtha, and Mountaintop Technology. These investigations concerned lobbying of Rep. Murtha and earmarks Rep. Murtha obtained for various organizations and clients of lobbying firms. Rep.

Murtha was named or otherwise identified in these investigations, which involved individuals and entities with close ties to him.

6. Specifically, DOJ and the FBI successfully prosecuted former Rep. Murtha aide-turned-defense lobbyist Paul Magliocchetti, founder and owner of the now-closed PMA Group. In January 2011, Mr. Magliocchetti received a 27-month prison sentence for illegally funneling campaign contributions to both candidates and political action committees from 2003 to 2008. PMA lobbyists contributed nearly $2.4 million to Rep. Murtha from 1989 through 2009, and Rep. Murtha obtained $7.6 million in earmarks for PMA clients from 2007 through 2009.

7. Federal investigators also conducted an investigation into PMA's client, Concurrent Technologies Corporation, and its subsidiary, Commonwealth Research Institute, which Rep. Murtha founded. Rep. Murtha directed millions of dollars in earmarks to these corporations as well.

8. DOJ and the FBI also investigated whether the Kuchera Corporation and Kuchera Defense Systems (now API Technologies) improperly used some of the nearly $50 million in federal earmarks Rep. Murtha obtained for the companies. Richard Ianieri, former president and chief executive officer of Coherent Systems International Corporation, pleaded guilty in July 2009 to accepting a kickback from a Kuchera company, and was sentenced in February 2010 to five years of probation and a $200,000 fine.

9. In addition, before the investigation that led to Mr. Ianieri's guilty plea, Coherent hired lobbying shop KSA on the advice of John Hugya, Rep. Murtha's chief of staff. KSA Consulting employs Rep. Murtha's brother, Robert "Kit" Murtha, and Rep. Murtha's longtime congressional aide Carmen Scialabba. In 2004, ten of the companies KSA represented benefited from a $417 billion Pentagon spending bill that Rep. Murtha helped write. KSA directly lobbied Rep.

Murtha's office on behalf of seven of these companies. In 2008, DOJ launched an investigation into one of these companies, Mountaintop Technologies, based on allegations of fraud.

### Plaintiff's FOIA Requests

10. By letters dated February 7, 2011, and delivered by facsimile to the Criminal Division, FBI, and EOUSA, CREW requested under the FOIA the following agency records (including, but not limited to, electronic records and information, audiotapes, videotapes and photographs):

> Witness statements, investigation reports, prosecution memoranda, and Federal Bureau of Investigation ("FBI") 302 reports not covered by grand jury secrecy pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure.

11. In the requests, CREW noted Rep. Murtha had died on February 8, 2010.

12. On information and belief, the Criminal Division, FBI, and EOUSA received CREW's FOIA requests described in ¶ 10 by facsimile on February 7, 2011.

### Defendant's Treatment of Plaintiff's FOIA Requests

#### The Criminal Division

13. By letter to plaintiff dated February 16, 2011, the Criminal Division acknowledged receipt of CREW's FOIA request and assigned it file number 2011000105F.

14. To date, defendant DOJ has failed to respond to plaintiff's FOIA request to the Criminal Division within the statutory time limit and plaintiff has exhausted the applicable administrative remedies with respect to its FOIA request to the Criminal Division.

#### FBI

15. By form letter to plaintiff dated February 10, 2011, the FBI acknowledged receipt of plaintiff's FOIA request, assigned it FOIPA Request No. 1161324-000, and indicated it would search the indices to its Central Records System for the information requested and would inform plaintiff of results as soon as possible.

16. By letter to plaintiff dated March 1, 2011, the FBI informed plaintiff the requested documents are located in investigative files that are exempt from disclosure pursuant to 5 U.S.C. § 552(B)(7)(A). The FBI advised plaintiff of its right to appeal this determination to DOJ's Office of Information Policy ("OIP").

17. By letter to OIP dated April 1, 2011, plaintiff appealed the FBI's determination to withhold in their entirety all records responsive to plaintiff's FOIA request.

18. By letter to plaintiff dated April 15, 2011, OIP acknowledged receipt of plaintiff's appeal described in ¶ 16 and assigned it appeal number AP-2011-01652.

19. To date, OIP has not responded to plaintiff's appeal.

20. Defendant DOJ has failed to issue a decision on plaintiff's appeal within the statutory time limit and plaintiff has exhausted the applicable administrative remedies with respect to its FOIA request to the FBI.

EOUSA

21. By form letter to plaintiff dated February 14, 2011, EOUSA acknowledged receipt of plaintiff's FOIA request and assigned it Request Number 2011-383. Relying on its claimed policy, the EOUSA advised CREW it would neither confirm nor deny that records concerning living third parties exist. EOUSA further asserted the requested records also would be exempt from disclosure under the FOIA on privacy grounds. EOUSA advised plaintiff of its right to appeal that determination to OIP.

22. In a February 24, 2011 telephone conversation with Gary Stewart, Assistant Director of EOUSA's FOIA/Privacy Unit, plaintiff reiterated that Rep. Murtha had died on February 8, 2010. Mr. Stewart stated EOUSA would conduct an expedited search for the requested records.

23. By letter dated February 24, 2011 and delivered by facsimile, plaintiff -- at the request Mr. Stewart – notified EOUSA plaintiff remained interested in the records requested in its February 7, 2011 FOIA request.

24. By letter to plaintiff dated February 25, 2011, EOUSA again acknowledged receipt of plaintiff's FOIA request. EOUSA advised plaintiff EOUSA had split the request into two separate requests: one for EOUSA records (assigned Request Number 11-525) and one for FBI records (assigned Request Number 11-526). EOUSA further advised it would process each request separately, and plaintiff would receive separate correspondence regarding each request.

25. By letter to plaintiff dated February 28, 2011, EOUSA advised plaintiff it had forwarded CREW's Request Number 2011-526 to the FBI for a direct response. EOUSA advised plaintiff of its right to appeal this determination to OIP.

26. To date, EOUSA has not responded to Request Number 11-525.

27. To date, the FBI has not responded to Request Number 11-526.

28. Defendant DOJ has failed to respond to plaintiff's FOIA request to the EOUSA, including that portion of the request forwarded to the FBI, within the statutory time limit and plaintiff has exhausted the applicable administrative remedies with respect to its FOIA request to the EOUSA.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

29. Plaintiff repeats and re-alleges paragraphs 1-28.

30. Defendant DOJ has wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limit for responding to plaintiff's FOIA requests to the Criminal Division and EOUSA.

31. Defendant DOJ has wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limit for rendering decisions on plaintiff's appeal of the FBI response to plaintiff's FOIA request.

### Requested Relief

WHEREFORE, plaintiff prays that this Court:

(1) Order defendant DOJ and its components the Criminal Division, FBI, and EOUSA to disclose immediately in their entireties all records responsive to plaintiff's FOIA requests submitted to the Criminal Division, FBI, and EOUSA on February 7, 2011;

(2) Issue a declaration that plaintiff is entitled to disclosure of the requested records;

(3) Provide for expeditious proceedings in this action;

(4) Award plaintiff its costs and reasonable attorneys' fees incurred in this action; and

(5) Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

ANNE L. WEISMANN
(D.C. Bar No. 298190)
MELANIE SLOAN
(D.C. Bar No. 434584)
Citizens for Responsibility and
  Ethics in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005
Phone: (202) 408-5565
Facsimile: (202) 588-5020

Dated: June 16, 2011

Counsel for Plaintiff